IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JAMES V. BROWN, | : | Case No. 1:25-cv-176 |
| Plaintiff, | : | |
| | : | |
| vs. | : | Judge Michael R. Barrett |
| | : | Magistrate Judge Kimberly A. Jolson |
| STATE OF OHIO, HIGHLAND | : | |
| COUNTY PROSECUTOR, ANEEKA | : | |
| COLLINS, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER AND
## REPORT AND RECOMMENDATIONS

Plaintiff, a prisoner at the London Correctional Institution (LoCI), in London, Ohio, brings this *pro se* civil rights action against multiple defendants stemming from his arrest, indictment, confinement, and conviction in Highland County, Ohio. By separate Order, Plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 5).

This matter is before the Court for a *sua sponte* review of Plaintiff's Complaint. *See* 28 U.S.C. § 1915(e)(2)(B). For the following reasons, the Court allows Plaintiff's Fourth Amendment unlawful arrest claim and Fourteenth Amendment deliberate indifference to a serious medical need and unconstitutional conditions of confinement claims to **PROCEED** against unnamed Defendants. The Undersigned **RECOMMENDS** that the remainder of his claims **be DISMISSED**.

## I. Screening Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fee and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id*.; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328–29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. And an action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citing *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Though by the same token, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("[D]ismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim [under §§ 1915A(b)(1) and

2

1915(e)(2)(B)(ii)].").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II.    Allegations and Parties

Previously, the Court ordered Plaintiff to amend his Complaint because his initial filing was difficult to read and generally unclear. (Doc. 5). Plaintiff complied by filing a Response in Clarification and Amended Complaint (Doc. 6) and an Amended Complaint (Doc. 7), which the Court construes collectively as the operative "Complaint."[1]   *See Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (citation omitted).

---

[1] Also before the Court are three documents titled "Motion for Clarification," dated June 15, 2025, (Doc. 9); "Response in Further Clarification," dated June 22, 2025, (Doc. 10); and "Notification," dated June 27, 2025, (Doc. 11). Plaintiff states in the Notification that he submitted the Doc. 10 Response to the institution for mailing on June 22, 2025, but that he did not receive the communication confirming submission that he normally receives. (Doc. 11). The Court received these three documents on July 8, 2025, but dated them on the docket as if they had been received on the date ascribed to them by Plaintiff.

In his Complaint, Plaintiff names many Defendants: the State of Ohio (generally as to all county and municipal defendants), Highland County Prosecutor, Aneeka Collins; Highland County Common Pleas Judge, Rocky Coss; Highland County Sheriff Randall Sanders; Greenfield Chief of Police Jerry Oyer; Attorney William Armentrout and the Highland County Public Defender; Highland County Commissioners; Greenfield Police Department; two unnamed Greenfield Police Officers; Highland County Sheriff's Office; and City of Greenfield.  (Doc. 7 at 4).  In what can only be described as a preamble to his allegations, Plaintiff claims that the Defendants have been engaged in a continuing conspiracy from 2022 to the present to irreparably harm him through invalid criminal charges, coerced guilty pleas, and an illegal prison sentence. (Doc. 6 at 6–9).  Throughout his Complaint, he further questions the validity of the indictments underlying his conviction, challenges facts underlying the charges, and questions the sufficiency of the evidence against him.  (*Id*. at 9–10, 12–14, 16, 18–19, 27–28; *see also* Doc. 10 at 2–5).

Cataloguing his specific allegations, Plaintiff says that prosecutor Aneeka Collins, Highland County Sheriff Randall Sanders, and Greenfield Police Chief Jerry Oyer provided false evidence to a grand jury, which led to his indictment.  (Doc. 6 at 28–30; Doc. 10 at 3–4).  Then, the Greenfield Police Department impermissibly included him in a "Most Wanted" social media post and operated outside of its jurisdiction to execute an arrest warrant at his house, "without valid reason, and without seeing Plaintiff at the residence based on a 'tip' from an unnamed person."  (Doc. 6 at 25–26; Doc. 10 at 4).  Plaintiff states that during the arrest, unnamed police officers kicked in the door, arrested his mother, and later dragged him from a hospital bed where he was recuperating from a seizure.  (Doc. 6 at 25; Doc. 10 at 4).

Plaintiff further claims he received no medical care for seven days while he was held at the

4

Highland County Jail. (Doc. 6 at 26). And he says that for two days, the "Sheriff's office" allowed him to lay on the floor without food, water, or medicines. (*Id.*). Plaintiff additionally complains that the Highland County Jail did not have an adequate, accessible law library. (*Id.* at 11, 14, 17).

Plaintiff also devotes much of his Complaint to attacking the validity of his convictions and sentence. He suggests that Collins and Judge Rocky Coss conspired against him, in violation of their duty to be impartial; and that his defense counsel, William Armentrout, refused to defend him. (*Id.* at 11–18, 21–22, 25, 27–28, 30; *see also* Doc. 10, at 2–4). He claims these actions led to his coerced guilty pleas. (*Id.*). He further asserts that charges were brought or threatened against his mother to induce him to plead guilty. (Doc. 6 at 25).

As relief, Plaintiff requests release from prison, expungement of his conviction, investigations into the people and entities he names in his complaint and $10,800,00 in compensatory damage. (Doc. 7 at 6; *see also* Doc. 6 at 16–17 (expounding on requested relief); Doc. 10 at 8 (requesting liens on Defendants' property)).

## III. Analysis

While his Complaint is rambling and, at times, difficult to decipher, Plaintiff expressly raises the following claims: "conditions-of-confinement relating to the time spent at the Highland County Jail as a pretrial detainee; ineffective assistance of counsel relating to the performance of [his] defense attorney; prosecutorial misconduct; improper investigation of [his] criminal charges; unlawful arrest; judicial misconduct; corrupt activity; actions unlawful pertaining to the organized crime control act of 1970; Ohio's RICO statute; plain error; violations against Plaintiff's civil rights; violations against Plaintiff's 4th, 5th, 6th, 8th, & 14th Constitutional Amendments of the United States of America; wrongful intent; legal malpractice; defective indictment; harassment;

discrimination; criminal trial error & misconduct; Plaintiff's right to a fair trial; engaging in conduct that is prejudicial to the administration of justice; violating the Ohio and U.S. Code of Professional Responsibility; violating Plaintiff's right to privacy; stalking; online harassment; infringement; misappropriation; unlawful use of Plaintiff's name and likeness online; libel; false light; and finally violations of state and criminal statutes 18 U.S.C. § 2261(A) and 18 U.S.C. §§ 241, 242; and federal copyright statute 17 U.S.C. § 501."  (Doc. 6 at 4–5 (cleaned up)). Additionally, the Court understands Plaintiff to raise a First Amendment claim challenging the adequacy of the law library in the Highland County Jail.[2]  (*Id*. at 11).

### A.  Fourth and Fourteenth Amendment Claims

The Undersigned first considers Plaintiff's Fourth Amendment unlawful arrest claim and his Fourteenth Amendment deliberate indifference to a serious medical need and conditions of confinement claims.  The Undersigned finds these claims may proceed, but only against some Defendants.

To begin, Plaintiff names the Village of Greenfield Police Department and the Highland County Sheriff's Office as Defendants, presumably in connection to these claims.  (Doc. 7 at 4). But those are buildings.  Only "a person" acting under color of law is subject to suit or liability under 42 U.S.C. § 1983.  Neither a municipal police department nor a county sheriff's office is a "person" within the meaning of § 1983.  *See Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (finding that a "[p]olice [d]epartment is not an entity which may be sued"); *Rhodes v. McDaniel*,

---

[2]  In his "Response in Further Clarification," Plaintiff raises an additional claim alleging that prison officials at LoCI, where he is presently incarcerated, refuse to properly process his grievances and threaten him for filing grievances. (Doc. 10 at 7–8).  But that claim is not properly raised in the instant Complaint because it involves a different institution, different transactions, and different defendants than those challenged in the instant Complaint.  *Taper v. Tabor*, No. 1:24-cv-159, 2024 WL 2862409, at *4 (S.D. Ohio June 6, 2024) ("A plaintiff may not join unrelated claims and various defendants unless the claims arise out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." (cleaned up)).

945 F.2d 117, 120 (6th Cir. 1991) (finding that a "[s]heriff's [d]epartment is not a legal entity subject to suit"); *Blair v. Hamilton Cty. Just. Ctr.*, No. 1:18-cv-267, 2018 WL 1997980, at *2 (S.D. Ohio Apr. 27, 2018), *adopted*, 2018 WL 2208297 (S.D. Ohio May 14, 2018) (dismissed in part because the Hamilton County Justice Center is not a person under § 1983).  Thus, Plaintiff's claims against the Greenfield Police Department and the Highland County Sheriff's Office should **be DISMISSED with prejudice**.

Second, though each are named Defendants, the Complaint does not appear to allege that Greenfield Police Chief Oyer or Highland County Sheriff Sanders took any unlawful action themselves in connection with Plaintiff's Fourth or Fourteenth Amendment allegations.  To state a claim for relief under § 1983, Plaintiff must allege that each defendant had "personal involvement" in the deprivation of his rights.  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).  Further, § 1983 does not permit absolute *respondeat superior* liability.  Rather, a supervisor may be held liable only where he "encouraged the specific incident of misconduct or in some other way directly participated in it."  *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).  Plaintiff does not connect Defendants Oyer and Sanders personally to any allegations set forth in the body of the Complaint.  Nor does Plaintiff set forth allegations plausibly demonstrating that Sanders or Oyer encouraged or in some way participated in the alleged misconduct.  Plaintiff's claims against Defendants Sanders and Oyer should **be DISMISSED with prejudice** for failure to state a claim.

On the other hand, at this juncture, without the benefit of an answer or other briefing, the Undersigned concludes that Plaintiff may proceed with his Fourth and Fourteenth Amendment claims against the unnamed law enforcement personnel working for the Greenfield Police

7

Department and the Highland County Sheriff's Office. *See, e.g.*, *Howell v. NaphCare, Inc.*, 67 F.4th 302, 312 (6th Cir. 2023) (citation omitted) (noting for pretrial detainees, the right to be free from deliberate indifference to a serious medical need arises under the Fourteenth Amendment); *Bensfield v. Murray*, No. 4:21-CV-P104-JHM, 2022 WL 508902, at *2 (W.D. Ky. Feb. 18, 2022) (citing *Brawner v. Scott Cty.*, 14 F.4th 585, 591 (6th Cir. 2021)) (noting the same for conditions of confinement claims brought by pretrial detainees). But some clarification is required.

In his Complaint, Plaintiff lists as Defendants two unnamed officers with the same address as the Greenfield Police Department. (Doc. 7, at 99). Plaintiff fails to link the unnamed police officers to any specific acts of alleged misconduct. Generally, this Court is loath to "guess" which alleged misconduct might be attributable to unspecified individuals. *Cf. Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) (federal courts "have a limited and neutral role in the adversarial process, and we are wary of becoming advocates who comb through the record . . . and make a party's case for it.") (citations omitted). But construing the Complaint liberally, the Court understands Plaintiff to attribute the execution of his arrest warrant to the two unnamed officers. The Undersigned concludes this claim may proceed at this point.

In a similar vein, Plaintiff alleges unnamed persons at the "Sheriff's office" denied him medical attention and allowed him to lay on the floor for two days without food, water, or medicine at the Highland County Jail. (*Id.* at 26). The Undersigned concludes these claims, a deliberate indifference to a serious medical need claim and a conditions of confinement claim, may proceed.

Ordinarily, the next step in a civil case is for the complaint and summons to be served on the defendants. Here, however, none of the proceeding defendants have been identified. So, they cannot be served. While this is not reason to dismiss the claims, it does present a challenge for the

efficient handling of the case. *See Robinson v. Doe*, No. 1:07-cv-729, 2009 WL 650383, at *2 (S.D. Ohio March 10, 2009) ("Although designation of a 'John Doe' . . . defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery.").

Under these circumstances, it is appropriate to permit service of the Complaint on a high-ranking official who could identify the unknown defendants through discovery.  It seems that Greenfield Chief of Police Jerry Oyer knows or could determine the identities of the officers involved in the execution of Plaintiff's arrest warrant.  And it appears Highland County Sheriff Randall Sanders knows or could determine the identities of deputies or officers who were responsible for Plaintiff's medical care and treatment at the Highland County Jail.  The Court shall order service of the Summons and Complaint on Oyer and Sanders **for this limited purpose only.** *See e.g.*, *Eckstein v. Unknown Deputies at Franklin Cnty. Corr. Ctr. II*, No. 2:24-CV-1072, 2024 WL 1930842 (S.D. Ohio May 2, 2024).

Once Oyer and Sanders are served and have responded, Plaintiff shall be permitted to serve discovery on them but **only** to determine the identities of the unknown defendants.  For example, from Chief Oyer, Plaintiff may ask for the name(s) of the officers who executed his arrest warrant. And from Sheriff Sanders, Plaintiff may ask for the name(s) of the deputies or officers who were responsible for him and his medical care on the days of his alleged mistreatment at the Highland County Jail.  Plaintiff may also ask for addresses where the unnamed defendants may be served, if known.  However, Plaintiff is **WARNED** that Oyer and Sanders may object to any discovery request they believe goes beyond this limited grant.  Additionally, should Oyer or Sanders believe

that Plaintiff's discovery requests exceed the scope of this Order, or are otherwise improper, they are instructed to contact the Undersigned's chambers.

Upon discovery of the full names of the unknown defendants, Plaintiff will be required to supplement his complaint to identify them.  *See Slocum v. Bear*, No. 1:18-cv-423, 2019 WL 2234227, at *3 (S.D. Ohio May 6, 2019), *report and recommendation adopted*, 2019 WL 2233633 (S.D. Ohio May 23, 2019); *Murray v. Ohio Dep't of Corr.*, No. 1:14-cv-168, 2014 WL 1382401, at *4 (S.D. Ohio Apr. 8, 2014).  *See also Mincy v. Hamilton Cnty. Just. Ctr.*, No. 1:20-cv-00822, 2021 WL 5754729, at *5 (S.D. Ohio Dec. 3, 2021) (noting that adding "Sherriff McGuffey as a party for the limited purpose of identifying the full names of the Defendants is the more pragmatic and expeditious option that preserves both this Court's and the U.S. Marshal's limited resources while acknowledging the serious nature of the allegations that Plaintiff raises in his complaint.").

Accordingly, Plaintiff is **ORDERED** to supplement his Complaint for the **limited** purpose of naming appropriate defendant(s) and stating which Defendant he connects to which of the allegations in his Complaint.  At the same time, Plaintiff must also file a motion to issue service on these defendants and provide one completed Summons form and one U.S. Marshal form for each of them.  Once Plaintiff determines how many defendants to name in his supplement, he may request as many blank forms as he needs from the Clerk of Court.

If Plaintiff does not supplement his Complaint as directed, these claims will be dismissed for lack of prosecution or for failure to state a claim.  If so dismissed, this case may also count as a "strike" under the PLRA.  Plaintiff is further **ADVISED** that no service will be issued on the unknown defendants unless he complies with this Order.  He should not delay.  *See generally Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Sixth Circuit precedent clearly holds that new

parties may not be added after the statute of limitations has run"); Fed. R. Civ. P. 4(m) (concerning time limits for service).  Furthermore, though these claims can proceed, "[t]he court has not made a determination on the merits of [Plaintiff's] claims or potential defenses thereto, nor are Defendants precluded from filing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

Finally, the Undersigned notes that Plaintiff's summons forms as to Oyer and Sanders are incomplete.  (Doc. 8 at 1, 7).  Specifically, he failed to provide his name and address halfway down the form as instructed.  (*Id.*).  Consequently, the Clerk is **DIRECTED** to mail Plaintiff back these forms.  Plaintiff is **ORDERED** to fix this error and refile the corrected forms within ten (10) days.  Once he has completed this, the Undersigned will order service on Oyer and Sanders for the limited purpose of identifying the unnamed defendants.

### B.    Official Capacity Claims

The Undersigned next considers Plaintiff's statement that he sues Defendants in their official capacities and individual capacities.  (Doc. 6 at 15).  Plaintiff's claims against Defendants in their official capacities are subject to dismissal to the extent that he seeks monetary damages.  Absent an express waiver, a state is immune from damages suits under the Eleventh Amendment.  *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974).  The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts.  *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes No. 1 and No. 2*, 694 F.2d 449, 460 (6th Cir. 1982).  The Eleventh Amendment bar extends to actions where the state is

not a named party but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663 (citations omitted); *Ford Motor Co. v. Dep't of Treasury of State of Indiana*, 323 U.S. 459, 464 (1945). A suit against Defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which Defendants are agents. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Because all the properly named Defendants are immune from suit in their official capacities to the extent that Plaintiff seeks monetary damages, the claims against these Defendants in their official capacities should **be DISMISSED with prejudice**.

### C.  Claims Against Remaining Defendants in their Individual Capacities

Beyond the foregoing, claims against the remaining named Defendants should be dismissed because they are entitled to other forms of immunity, because they are not "persons" or "state actors" within the meaning of § 1983, or because Plaintiff fails to state a claim relief.

#### 1.  State of Ohio

Plaintiff first names the State of Ohio as a Defendant. (Doc. 7 at 4). "Section 1983 creates liability for 'persons' who deprive others of federal rights under color of law. Only a 'person' faces liability under the statute." *Hohenberg v. Shelby Cnty, Tennessee.*, 68 F.4th 336, 342 (6th Cir. 2023) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. at 64). The State of Ohio is not a person and therefore is not capable of being sued. *See Thompson v. Branch*, No. 1:24-cv-02, 2024 WL

579756, at *6 (S.D. Ohio Feb. 13, 2024), *report and recommendation adopted*, No. 1:24-cv-02, 2024 WL 4278310 (S.D. Ohio Sept. 24, 2024) (citing *Will*, 491 U.S. at 65–66).  Thus, Plaintiff's claims against the State of Ohio should **be DISMISSED with prejudice**.

> 2. *Prosecutor Collins and Judge Coss*

Next, Plaintiff names as Defendants Highland County Prosecutor Aneeka Collins and Highland County Common Pleas Judge Rocky Coss.  (Doc. 7 at 4).  But generally, they are immune from suit because of prosecutorial and judicial immunity.

Plaintiff alleges that Prosecuting Attorney Collins presented false evidence to a grand jury, charged Plaintiff under invalid indictments, conspired to coerce Plaintiff to plead guilty, filed and then dismissed charges against Plaintiff's mother, engaged in improper ex parte communications with the judge and defense counsel, and advocated for an unconstitutional prison sentence.  (Doc. 6 at 17, 25–30).  But prosecutors are "absolutely immune from liability" for their actions that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (citation and quotations omitted).  "[A]bsolute immunity," however, "may not apply when a prosecutor is not acting as 'an officer of the court,' but is instead engaged in other tasks, say investigative or administrative tasks." *Id*. at 342 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 43 n.33 (1976)).  Without expressing any opinion as to the veracity of Plaintiff's allegations, he does not plausibly allege Defendant Collins was not acting as an officer of the court at the time of her alleged misconduct.  Defendant Collins thus enjoys prosecutorial immunity and Plaintiff's claims against her should **be DISMISSED with prejudice**.

Plaintiff also alleges that Judge Coss engaged in improper ex parte communications, exhibited bias against Plaintiff by referring to prior dealings with him, conspired to coerce Plaintiff

to plead guilty, failed to award jail credits, and imposed an unconstitutional sentence.  (Doc. 6 at 17, 23–25, 27–28).  Judicial immunity shields judges and other public officers "from undue interference with their duties and from potentially disabling threats of liability."  *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982).  "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citation omitted).  Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity and if the actions taken were in absence of all jurisdiction.  *Id.* at 11-12.  Again, without expressing any opinion as to the veracity of Plaintiff's allegations, Plaintiff has not plausibly alleged any facts that would show Defendant Coss acted outside the scope of his judicial capacity, or that he acted in the absence of all jurisdiction.  That being so, Defendant Coss is entitled to judicial immunity and Plaintiff's claims against him should **be DISMISSED with prejudice**.

### 3. Defense Counsel William Armentrout and Highland County Public Defender

Plaintiff also names his defense attorney, William Armentrout and the Highland County Public Defender.  (Doc. 7 at 4).  To state a claim under 42 U.S.C. § 1983, Plaintiff must plead "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law."  *Hunt v. Sycamore Community School Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008).  A defense attorney, whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by

14

virtue of being an officer of the court, a state actor under color or law within the meaning of § 1983.") (citing *Dodson*, 454 U.S. at 318). To the extent that Plaintiff seeks to hold the Public Defender's Office liable for the acts of its attorneys, Plaintiff's claim also fails because "[s]ection 1983 will not support a claim based on a respondeat superior theory of liability." *Polk Cnty. v. Dodson*, 454 U.S. at 325 (citation omitted). Plaintiff further fails to allege any specific unconstitutional policy that actually caused the deprivation of his constitutional rights. *See also Henderson v. Lemke*, No. 3:15-cv-P733-JHM, 2016 WL 355088, at *3 (W.D. Ky. Jan. 28, 2016) (citations omitted). Accordingly, Plaintiff's claims against these Defendants should likewise **be DISMISSED with prejudice**.

4. *City of Greenfield*

To the extent Plaintiff alleges claims against the City of Greenfield, (Doc. 7 at 4), local governments "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694; *see also J.H. v. Williamson Cty., Tennessee*, 951 F.3d 709, 720 (6th Cir. 2020) (citing *Monell*). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). Here, Plaintiff has not plausibly alleged any such hallmarks of *Monell* municipal liability. Conclusory claims unsupported by specific facts are

insufficient to state a plausible claim for relief.  *See High v. Silverdal Core Civic of Am.*, No. 1:19-cv-214, 2019 WL 4723803, at *1 (E.D. Tenn. Sept. 26, 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. at 681).  Thus, Plaintiff's claims against the City of Greenfield should **be DISMISSED with prejudice** for the failure to state a claim.

        *5.*     *Highland County Commissioners*

Plaintiff also names the Highland County Commissioners as Defendants.  But the Complaint sets forth no allegations about their personal involvement.  Consistent with the "personal involvement" pleading requirement discussed above, "[c]laims that are not associated with any particular defendant fail to state a claim upon which relief can be granted[.]"  *Sweet v. Ghosh*, No. 17-cv-1363, 2018 WL 460105, at *3 (S.D. Ill. Jan. 16, 2018) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555).

Even construing the Complaint liberally as asserting supervisory liability claims against the county commissioners, his claims are subject to dismissal for several reasons.  Plaintiff has not set forth allegations that county commissioners directed or played some role in the alleged misconduct sufficient to invoke *respondeat superior* liability, as set forth above.  Plaintiff's claims are also subject to dismissal because, as a matter of law, these county commissioners do not have supervisory authority over the Highland County Sheriff's Office or the Village of Greenfield Police Department.  *Hunter v. Hamilton Cnty. Bd. of Commissioners, Ohio*, No. 1:21-cv-544, 2022 WL 22626424, at *3 (S.D. Ohio June 15, 2022) and 2024 WL 1374800 (S.D. Ohio Mar. 29, 2024) ("Case law from and within the Sixth Circuit overwhelmingly supports the conclusion that Ohio law does not grant the Board [of County Commissioners] power or authority over the" sheriff's office or local jail); *Armstead v. Baldwin*, No. 2:19-cv-4857, 2019 WL 6887639, at *2 (S.D. Ohio

16

Dec. 18, 2019), *report and recommendation adopted*, 2020 WL 613934 (S.D. Ohio Feb. 10, 2020) (concluding that "allowing amendments to add the Franklin County Commissioners [as defendants] would be futile" because the sheriff, not the county commissioners, had control over jail operations).  Plaintiff's claims against the Highland County Commissioners should therefore **be DISMISSED with prejudice** for failure to state a claim.

### D.    Remaining Claims

As stated, Plaintiff's allegations are, at times, difficult to follow.   However, the Undersigned briefly addresses Plaintiff's other claims as best as it can discern.

#### 1.    Claims challenging conviction or sentence

In its order to directing Plaintiff to clarify his claims, the Court explained that claims challenging the constitutionality of a conviction or sentence must be raised in a habeas corpus petition under 28 U.S.C. § 2254.  (Doc. 5 at 3 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973)).  But most of the allegations Plaintiff sets forth here do just that.  They include: challenges to the facts underlying the theft charges in criminal cases 22CR0228 and 23CR0189 (Doc. 6 at 5–6, 22–24); challenges to the facts underlying the failure-to-appear charges in criminal cases 24CR0007 and 24CR0052 (*id*. at 10–11, 21–22); ineffective assistance of counsel; improper/inadequate investigation by law enforcement officers and the prosecuting attorney, prosecutorial misconduct, insufficiency of evidence, involuntariness of guilty pleas (*id*. at 12–15, 22–23, 25, 30); challenges to the legitimacy/legality of the indictments, resulting in violations of the protection against Double Jeopardy and excessive sentence (*id*. at 19–20, 26–30); alleged violations of bond/surety laws (*id*. at 20–22); alleged judicial bias (*id*. at 62, 27); and denial of jail credit/time served (*id*. at 24–25). (See also Doc. 9 (challenging the denial of jail credits and failure

of state courts to rule on his appeal); Doc. 10 at 2–5 (raising multiple challenges to the criminal judgments and alleging that state courts refuse to rule on his appeal)).

By asking this Court to agree that Defendants violated Plaintiff's constitutional rights while investigating, prosecuting, and securing his guilty plea in the criminal case against him, Plaintiff is essentially challenging the validity of his conviction.  A federal-court challenge to the validity of a state criminal conviction and sentence must be raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  *Hill v. McDonough*, 547 U.S. 573, 579 (2006).  The Supreme Court of the United States has made clear that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser*, 411 U.S. at 488–90).  Thus, to the extent Plaintiff seeks relief in the form of an immediate or speedier release from confinement, his sole federal remedy is a petition for a writ of habeas corpus, and after he has exhausted his state remedies.  *Preiser*, 411 U.S. at 500; *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985).

Plaintiff cannot seek or obtain such relief in this civil rights action.  These claims should be **DISMISSED without prejudice**.

### 2.    *Unspecified claims of excessive force*

As noted above, Plaintiff mentions in the preamble to his Complaint "assault, battery, sexual assault, lack of prime medical care, lack of prime dental care, lack of prime mental health assistance, mistreatment by staff, and all proclivities that come from incarceration[.]" (Doc. 6 at 6).  This conclusory statement, devoid of any specific facts about what happened, when it happened, how it happened, and who was involved, fails to state a claim upon which relief can be

granted, and should accordingly **be DISMISSED with prejudice**.

        *3.*     *Law Library*

Plaintiff alleges that the Highland County Jail does not contain an adequate, accessible law library.  (Doc. 6 at 11–14).  Although prisoners may not be denied access to the courts, to state a claim upon which relief may be granted under § 1983 stemming from the lack or inadequacy of a law library, a plaintiff must demonstrate actual prejudice in an existing or contemplated proceeding.  *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *Hadix v. Johnson*, 182 F.3d 400, 405-06 (6th Cir. 1999); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Additionally, the plaintiff must show that the underlying action or claim allegedly prejudiced is not frivolous.  *Lewis*, 518 U.S. at 353–54; *Hadix*, 182 F.3d at 406; *Krouskoupf v. Muskingum Cty. Jail*, No. 2:19-cv-3045, 2019 WL 4345691, at *4–5 (S.D. Ohio Sep. 12, 2019).

Here, Plaintiff asserts that the absence of access to a law library impeded his ability to defend himself against the criminal charges.  (Doc. 6 at 11).  He also alleges that he was unable to pursue two civil suits that also appear to have been related to attacking the criminal charges against him.  (*Id.* at 14).  But Plaintiff was represented by counsel to defend him against those criminal charges.  Although Plaintiff complains that his counsel refused to defend him and urged him to plead guilty, Plaintiff does not allege that he sought to remove defense counsel and to represent himself.  Because criminal defendants generally are not entitled to "hybrid" representation, where they are both represented by counsel and represent themselves pro se, *see, e.g. State v. Martin*, 103 Ohio St.3d 385, 391 (2004), Plaintiff fails to allege facts showing that he was actually impeded in any existing or contemplated action while a pretrial detainee at the Highland County Jail.  *See, e.g., Whiteside v. Duke*, No. 17-1106, 2019 WL 2578260, at *7 (W.D. Tenn. June 24, 2019)

(dismissing plaintiff's access-to-courts claim premised on lack of access to legal books and materials because plaintiff failed to allege what action he was unable to pursue and because plaintiff was represented by counsel). Therefore, Plaintiff's law library claim should **be DISMISSED with prejudice** for failure to state a claim.

#### 4. Inclusion on "Most Wanted" posting

Plaintiff alleges that law enforcement officials improperly included him on a "Most Wanted" social media posting. (Doc. 6 at 26; Doc. 10 at 4). Plaintiff's allegations fail to allege the deprivation of any rights secured by the Constitution or laws of the United States required for a claim under § 1983. This claim should **be DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

#### 5. Conspiracy

Plaintiff alleges that all of the Defendants conspired against him to violate his constitutional rights. Specifically, Plaintiff claims Defendants, acting at the behest of Defendant Aneeka Collins, conspired to deprive him of his rights to due process, a fair trial, and his liberty, and to intentionally inflict emotional and physical distress. (Doc. 6 at 3, 5–8, 15–16; Doc. 10, at 3, 5).

In the Sixth Circuit, conspiracy claims must be pleaded "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus*, 409 F. App'x 826, 835 (6th Cir. 2010) (citations omitted); *see also Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity."). Plaintiff's conclusory allegations, even construed liberally, lack the

requisite specificity to establish conspiratorial objective, or other plan, to deprive Plaintiff of constitutionally protected rights.  Plaintiff's conspiracy claims should be **DISMISSED with prejudice** for failure to state a claim.

      *6.    State law claims*

Finally, to the extent that Plaintiff raises state law claims, such as false imprisonment, state-law conspiracy, attorney malpractice, and RICO violations, (Doc. 6 at 4–5, 30; Doc. 10 at 5), the Court should determine later in this proceeding whether to exercise supplemental jurisdiction over any state law claims.

**IT IS THEREFORE RECOMMENDED THAT:**

1.    The Court **DISMISS without prejudice** Plaintiff's claims challenging the validity of his criminal judgment.

2.    The Court **DISMISS** the remaining federal claims **with prejudice** under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b), with the exception of the claims allowed to proceed below.

3.    The Court determine later in this proceeding whether to exercise supplemental jurisdiction over any state law claims.

4.    The Court **CERTIFY** under 28 U.S.C. § 1915(a)(3) that, for the foregoing reasons, an appeal of any Order adopting this Report and Recommendations would not be taken in good faith and therefore **DENY** Plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

1.    Plaintiff's Fourth Amendment unlawful arrest claim against unnamed Greenfield Police Officers; Plaintiff's Fourteenth Amendment claim alleging deliberate indifference to a

serious medical need against unnamed officers and/or deputies at the Highland County Jail; and Plaintiff's Fourteenth Amendment claim alleging unconstitutional conditions of confinement of being left in a holding cell for two days without food, water, or medicines at the Highland County Jail **MAY PROCEED.**

      2.     Plaintiff must file a supplement to the Complaint and motion to issue service, as described above, setting forth the identity of the unidentified Defendants. Plaintiff is advised that no service will be issued on the unnamed Defendants unless Plaintiff complies with this Order.

      3.     The Clerk shall mail Plaintiff his deficient summons forms for Jeremy Oyer (Doc. 8 at 1–2), and Randall Sanders (Doc. 8 at 7–8). Plaintiff shall complete the forms and refile them within **ten (10) days**. Once he has completed this, the Court will direct service as to these parties for the limited purpose of identifying the unnamed defendants, described above.

      4.     The Clerk shall mail Plaintiff a copy of the Southern District of Ohio's Guide for *Pro Se* Litigants. Plaintiff shall read the guide and pay particular attention to the information on pages 12 ("After Service of Process"), 13–14 ("Requirements for Filing Documents"; "Deadlines for Filings"; and "Pretrial Stage"), and 15 ("Discovery").

      5.     Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or Defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Date: July 17, 2025                    s/ Kimberly A. Jolson
                                       KIMBERLY A. JOLSON
                                       UNITED STATES MAGISTRATE JUDGE

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Crim. P. 72(b), **WITHIN 14 DAYS** after being served a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).