# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JAMES V. BROWN,

     Plaintiff,

     v.

ANEEKA COLLINS, et al.,

     Defendants.

Case No. 1:25-CV-176

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") of July 17, 2025, (Doc. 12), as well as the R&R of September 9, 2025, (Doc. 31). Proper notice has been afforded to the parties under 28 U.S.C. § 636(b)(1)(C), including notice to Plaintiff James V. Brown that he could forfeit rights on appeal if he failed to file proper objections to the R&R in a timely manner. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (holding that a failure to file objections generally waives the right to appeal the district court's adoption of an R&R). Brown timely objects to the July 17 R&R, (Doc. 14), but for the following reasons, the Court will overrule those objections and adopt both R&Rs in full.[1]

## I.    BACKGROUND

As summarized by the Magistrate Judge, Brown raises a bevy of claims through filings that are "rambling and, at times, difficult to decipher":

---

[1] Brown does not object to the September 9 R&R, and the time to do so has since passed.

In his Complaint, Plaintiff names many Defendants: the State of Ohio (generally as to all county and municipal defendants), Highland County Prosecutor, Aneeka Collins; Highland County Common Pleas Judge, Rocky Coss; Highland County Sheriff Randall Sanders; Greenfield Chief of Police Jerry Oyer; Attorney William Armentrout and the Highland County Public Defender; Highland County Commissioners; Greenfield Police Department; two unnamed Greenfield Police Officers; Highland County Sheriff's Office; and City of Greenfield. In what can only be described as a preamble to his allegations, Plaintiff claims that the Defendants have been engaged in a continuing conspiracy from 2022 to the present to irreparably harm him through invalid criminal charges, coerced guilty pleas, and an illegal prison sentence. Throughout his Complaint, he further questions the validity of the indictments underlying his conviction, challenges facts underlying the charges, and questions the sufficiency of the evidence against him.

Cataloguing his specific allegations, Plaintiff says that prosecutor Aneeka Collins, Highland County Sheriff Randall Sanders, and Greenfield Police Chief Jerry Oyer provided false evidence to a grand jury, which led to his indictment. Then, the Greenfield Police Department impermissibly included him in a "Most Wanted" social media post and operated outside of its jurisdiction to execute an arrest warrant at his house, "without valid reason, and without seeing Plaintiff at the residence based on a 'tip' from an unnamed person." states that during the arrest, unnamed police officers kicked in the door, arrested his mother, and later dragged him from a hospital bed where he was recuperating from a seizure.

Plaintiff further claims he received no medical care for seven days while he was held at the Highland County Jail. And he says that for two days, the "Sheriff's office" allowed him to lay on the floor without food, water, or medicines.

> Plaintiff additionally complains that the Highland County Jail did not have an adequate, accessible law library.
>
> Plaintiff also devotes much of his Complaint to attacking the validity of his convictions and sentence. He suggests that Collins and Judge Rocky Coss conspired against him, in violation of their duty to be impartial; and that his defense counsel, William Armentrout, refused to defend him. He claims these actions led to his coerced guilty pleas. He further asserts that charges were brought or threatened against his mother to induce him to plead guilty.

(Doc. 12, PageID 149-51) (internal citations omitted).

Brown seeks $10,800,000 in compensatory damages, as well as release from prison, expungement of his state conviction, and investigations into various individuals and entities. (Doc. 7, PageID 101). He also seeks a default judgment against Defendant Jerry Oyer for not responding to a summons that was returned as executed on August 7, 2025. (Doc. 30).

Screening the complaint pursuant to 28 U.S.C. § 1915, the Magistrate Judge recommended that (1) the Fourth and Fourteenth Amendment claims against the Greenfield Police Department and the Highland County Sheriff's Office be dismissed with prejudice because neither party is a "person" within the meaning of § 1983; (2) the Fourth and Fourteenth Amendment claims against Oyer and Sanders be dismissed with prejudice because Brown does not connect them personally to the allegations in his complaint; (3) to the extent Brown seeks monetary damages from properly named Defendants in their official capacities, those claims be dismissed with prejudice on immunity grounds; and (4) all individual-capacity claims against remaining Defendants be dismissed with prejudice because those Defendants are

either entitled to immunity or are not "persons" or "state actors" within the meaning of § 1983, or Brown fails to state a claim for relief. (Doc. 12). The Magistrate Judge recommended that Brown be permitted to proceed on his unlawful arrest claim against unnamed Greenfield Police Officers, his Fourteenth Amendment deliberate indifference claims against unnamed officers and/or deputies at the Highland County Jail, and his Fourteenth Amendment conditions-of-confinement claim related to his time being held at the Highland County Jail. (*Id.*, PageID 167-68).

## II.   STANDARD OF LAW

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

But "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."). And the Court "need not provide de novo review where the objections are 'frivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir.

1986) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Brown lists a number of objections, some of which do not clear the threshold for triggering de novo review.[2]

## III.   ANALYSIS

First, Brown objects to the recommendation that the claims against Defendants Sanders and Oyer be dismissed because Brown "does not connect [them] personally to any allegations set forth," and fails to "set forth allegations plausibly demonstrating that Sanders or Oyer encouraged or in some way participated in the alleged misconduct." (Doc. 12, PageID 153). In his objections, Brown now says that Oyer "lead the unlawful entry into [his] home and the [resulting] arrest and violation of civil rights and liberties," and "Chief Oyer encouraged and participated in the alleged misconduct, fact." (Doc. 14, PageID 178-79). But this does not adequately cure the deficiency noted by the Magistrate Judge. Brown cannot merely put forth conclusory allegations for the first time in his objections to a report and recommendation. *See, e.g.*, *Victor v. Dosson*, No. 11-CV-13103, 2011 U.S. Dist. LEXIS 146137, at *5 (E.D. Mich. Sept. 21, 2011) ("a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his objections to a report and recommendation."). As a result, this objection is overruled.

Brown's next actual objection appears to challenge the Magistrate Judge's conclusions that all properly named Defendants are immune from suit in their official

---

[2] Brown also takes issue with what the Court construes as a minor typographical error: instead of listing the monetary relief sought as "$10,800,000," the R&R lists "$10,800,00." (Doc. 12, PageID 151). This error is de minimis, and the Court acknowledges that the monetary relief sought is $10,800,000.

capacities to the extent that he seeks monetary damages, and that any remaining individual-capacity claims are subject to dismissal because Defendants are either entitled to immunity, not "persons" or "state actors" within the meaning of § 1983, or because he fails to state a claim for relief. Brown's arguments are overruled, both because they are conclusory and because his main challenge on this front appears to be based upon an alleged violation of the Ohio Revised Code. *See Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007) ("Allegations of state law or state constitutional violations will not support a § 1983 claim.").[3]

As to the Magistrate Judge's conclusion that Defendant Armentrout is not a state actor under § 1983 and Brown "further fails to allege any specific unconstitutional policy that actually caused the deprivation of his constitutional rights," Brown again raises his belief that Armentrout engaged in legal malpractice while acting as a public defender. He does not, however, meaningfully challenge the legal reasoning of the Magistrate Judge, nor does he raise any point that could explain why his claim has any merit under the established framework of § 1983. Therefore, this objection is overruled.

Finally, Brown disputes the Magistrate Judge's conclusion that alleged impediments to law library access prevented him from mounting a defense to criminal charges and preparing for two related civil suits. But his objection on this point suffers from similar deficiencies as several others in the complaint. Namely, he "fails to allege facts showing that he was actually impeded in any existing or contemplated

---

[3] Brown does cite 42 U.S.C. § 2000e, but that federal statute addresses employment discrimination and is inapposite here.

action while a pretrial detainee at the Highland County Jail." (Doc. 12, PageID 166). Moreover, Brown was represented by counsel in the criminal action against him, and his ability to aid in his own defense does not mean that he required law library access to engage in "hybrid" representation. *See State v. Martin*, 816 N.E.2d 227, 232 (Ohio 2004). As a result, this objection is overruled.

## IV.   CONCLUSION

For the foregoing reasons, the objections, (Doc. 14), are **OVERRULED**, and the Magistrate Judge's R&Rs, (Doc. 12, 31), are **ADOPTED** in full. The motion for default judgment, (Doc. 30), is **DENIED**, and Brown's claims challenging the validity of his criminal judgment are **DISMISSED** without prejudice. Brown's remaining federal claims are **DISMISSED** with prejudice, with the exception of his Fourth Amendment unlawful arrest claim against unnamed Greenfield Police Officers, his Fourteenth Amendment deliberate indifference claim against officers and/or deputies of the Highland County Jail, and his Fourteenth Amendment conditions-of-confinement claim against the Highland County Jail.

The parties are hereby instructed to proceed with this matter as directed by the Magistrate Judge. (*See* Doc. 46). Further, the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith, and therefore **DENIES** leave to appeal in forma pauperis. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

   */s/ Michael R. Barrett*
   Michael R. Barrett
   United States District Judge