IN **THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| JAMES V. BROWN, | : | Case No. 1:25-cv-176 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | Judge Michael R. Barrett |
| vs. | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| STATE OF OHIO, HIGHLAND | : | |
| COUNTY PROSECUTOR, ANEEKA | : | |
| COLLINS, et al., | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendants Sheriff Randall Sanders, Deputy Brayden Lane, Sergeant

Bell, Deputy Rudy Gregory, Lieutenant Keith Brown, and Deputy Dustin Malone's (the "Highland

County Defendants") Motion to Dismiss (Doc. 55).  For the following reasons, the Undersigned

**RECOMMENDS** that the Motion be **GRANTED**.

I.      **BACKGROUND**

Plaintiff James Brown, who proceeds *pro se*, filed this case over a year ago.  (Doc. 1).  His

original complaint raised more than twenty claims against a multitude of Defendants concerning

their supposed engagement in a conspiracy to irreparably harm him through invalid criminal

charges, coerced guilty pleas, an illegal prison sentence, and a more recent illegal arrest.  (*See* Doc.

12 at 3–5 (describing Plaintiff's allegations in detail); *see also* Docs. 1, 5, 6, 7).  The Court

dismissed most of Plaintiff's claims.  (Docs. 12, 50).  The exceptions were Plaintiff's Fourteenth

Amendment claim alleging deliberate indifference to a serious medical need against unnamed

officers at the Highland County Jail; and his Fourteenth Amendment claim alleging

unconstitutional conditions of confinement of being left in a holding cell for two days without

food, water, or medicines at the Highland County Jail.  (*Id.*).  Because Plaintiff did not know the identities of the unnamed officers who allegedly engaged in these actions, the Court allowed Plaintiff to file a supplement identifying them after he engaged in limited discovery as to their identities.  (*See* Docs. 12, 15, 28, 34, 39, 42, 46 (ordering Plaintiff to refile his amended complaint because it did not name individually name any of the officers he identified)).  He subsequently filed the supplement, labeled the "Second Amended Complaint."  (Doc. 48).

Plaintiff's Second Amended Complaint raises claims against two sets of Defendants: (1) Greenfield Police Officers Jeremiah Oyer, Jay Beatty, Benjamin Bates, Justin Brewer, Chris Bowen, Quinton Smith, Corey Ross, Kyle Flora, and Mark Hamilton (the "Greenfield Police Defendants"); and (2) the Highland County Defendants.  (*See generally* Doc. 48).  Of the former, he alleges that Defendant Oyer applied for a search warrant in 2025 to enter Plaintiff's home.  (*Id.* at 4).  But the search warrant contained false statements to "create probable cause for the search and arrest."  (*Id.*).  Then, the Greenfield Police Defendants forcibly entered Plaintiff's home, handcuffed him, and "dragged" him out of the house.  (*Id.* at 5).  The same Defendants also "pointed firearms at Plaintiff and Plaintiff's 75 year old mother" while the two were "unarmed" and "compliant."  (*Id.*).  Next, the Greenfield Police Defendants "threw" Plaintiff into the back of a police car "with such force . . . that it caused Plaintiff to have a seizure."  (*Id.* (also alleging these Defendants arrested Plaintiff's mother)).

Once he arrived at the Highland County Jail, Plaintiff claims that he was placed in a cell and "left" for two days without food, water, or adequate medical attention by the Highland County Defendants.  (*Id.* at 5–6; *see also* Doc. 6 at 26 ("After the Plaintiff's transfer to the Highland County Sheriff, no medical attention was given for 7 days and for 2 days the sheriff's office allowed Plaintiff to lay on the floor for over 48 hours, without food, water, or medicines.")).  Of

the last, Plaintiff says the Highland County Defendants ignored his medical requests, delayed giving him his prescribed medication, delayed treatment, failed to respond to a mental health crisis, and ignored withdrawal symptoms. (Doc. 48 at 5–6; *see also id.* at 9 (also stating Plaintiff was put in a "cold cell" for two days, had "untreated dental issues," and was given "inadequate medical care")).  Additionally, the Highland County Defendants "allowed" Plaintiff to be harassed and assaulted by other inmates.  (*Id.* at 6 (also stating the Defendants "encouraged and permitted violence")).  And, Plaintiff alleges these Defendants used excessive force by pushing him into a fire extinguisher then punished him by putting him in "lockdown."  (*Id.* at 7).

For all this conduct, Plaintiff raises claims under 42 U.S.C. § 1983 for violations of his Fourth Amendment rights against "unlawful entry and search," "false warrant and judicial deception," "false arrest and imprisonment," "excessive force," "inhumane jail conditions and deliberate indifference."  (*Id.* at 7–9).  Plaintiff also raises claims for "failure to intervene," "supervisory liability," and violation of the Ohio Revised Code § 2921.45.  (*Id.* at 9–10).  Only the inhumane jail conditions, deliberate indifference, failure to intervene, supervisory liability, and state law claims appear to pertain to the Highland County Defendants.  (*Id.*).  As relief, Plaintiff seeks $9,999,999.00 in both compensatory and punitive damages and "fees and costs under 42 U.S.C. § 1988."  (*Id.* at 11; *see also generally* Docs. 6, 7).

Following service (Doc. 59), the Highland County Defendants filed a Motion to Dismiss (Doc. 55).  This matter is fully briefed and ready for consideration.  (Docs. 60, 61).

## II.     STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires that a complaint "state a claim to relief that is plausible on its face" to survive a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64, 678 (2009); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing

the complaint, a court must construe it in favor of the plaintiff and accept all well-pleaded factual allegations as true. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555; *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (noting that a plaintiff must give specific, well-pleaded facts, not just conclusory allegations). In other words, while "detailed factual allegations" are not required under Fed. R. Civ. P. 8(a)(2)'s "short and plain statement" rule, the law "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677–78 (quotation marks and citations omitted).

While the Court holds pleadings by *pro se* individuals "to less stringent standards than formal pleadings drafted by lawyers," the complaint must still "contain either direct or inferential allegations respecting all the material elements" of a plaintiff's claims to survive a motion to dismiss. *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (internal quotations omitted). Worded differently, although pro se complaints are construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

III.    DISCUSSION

The Highland County Defendants offer several reasons the Court should dismiss Plaintiff's claims against them. Ultimately, the Undersigned needs to consider only a few of them.

4

### A.    Official Capacity Claims

To begin, Plaintiff's Second Amended Complaint states that each Defendant is sued in both his individual and official capacity.  (Doc. 48 at 2–4).  Yet, as the Highland County Defendants point out, the Court already dismissed claims grounded in the officers' official capacities with prejudice.  (Docs. 12, 50).

There, the Court found Plaintiff's claims against Defendants in their official capacities were subject to dismissal to the extent that he seeks monetary damages.  Absent an express waiver, a state is immune from damages suits under the Eleventh Amendment.  *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974).  The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts.  *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes No. 1 and No. 2*, 694 F.2d 449, 460 (6th Cir. 1982).  The Eleventh Amendment bar extends to actions where the state is not a named party but where the action is essentially one for the recovery of money from the state.  *Edelman*, 415 U.S. at 663 (citations omitted); *Ford Motor Co. v. Dep't of Treasury of State of Indiana*, 323 U.S. 459, 464 (1945).  A suit against Defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which Defendants are agents.  *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 (1978).  Thus, actions against state officials in their official capacities are included in this bar.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)).

5

So here too.  Plaintiff's Second Amended Complaint seeks only monetary damages against the Highland County Defendants.  (Doc. 48 at 11).  The Highland County Defendants are officially immune in this respect.  To the extent that the Court did not previously dismiss these claims, the Undersigned **RECOMMENDS** that Plaintiff's claims against the Highland County Defendants in their official capacities **be DISMISSED with prejudice**.

## B.    Individual Capacity Claims

Next, the Highland County Defendants contend that Plaintiff failed sufficiently to allege the requisite personal involvement on behalf of each Defendant for his Section 1983 claims.  (Doc. Doc. 55 at 7–9).  The Undersigned agrees.

To plead a cause of action under 42 U.S.C. § 1983, a plaintiff must plead two elements: "(1) a deprivation of a right secured by the Constitution or law of the United States (2) caused by a person acting under color of state law."  *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted).  To plead the second element sufficiently, a plaintiff must allege that each defendant had "personal involvement" in the deprivation of his rights.  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted); *see also Johnson v. ODRC*, No. 1:23cv39, 2023 WL 4084830, at *4 (S.D. Ohio June 20, 2023) ("It is well settled that a defendant cannot be held liable under 42 U.S.C. § 1983 for alleged constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct." (citation omitted)), *report and recommendation adopted*, 2023 WL 5275384 (S.D. Ohio Aug. 16, 2023).  Further, the Sixth Circuit has "consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right."  *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556 (6th Cir. 2011) (citation

omitted).  Indeed, "[e]ven a pro se prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights."  *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citations omitted).  At base, "[c]onclusory allegations of unconstitutional conduct are insufficient to state a § 1983 claim; a complaint must contain either direct or inferential factual allegations as to each individual defendant."  *Peace v. Carter*, No. 2:24-CV-4237, 2025 WL 3763825, at *5 (S.D. Ohio Dec. 30, 2025).

Plaintiff's Second Amended Complaint does not allege with the requisite particularity facts that demonstrate what each Highland County Defendant did to violate his civil rights.  Rather Plaintiff lumps them all together, asserting that every Highland County Defendant was responsible for every Section 1983 violation.  For example, Plaintiff does not allege who specifically took actions that led to him being "left . . . for two days without food [or] water."  (Doc. 48 at 5 ("After transport to jail, Plaintiff was placed in a cell, and left for two days without food [or] water . . . by Defendants R. Sanders, B. Lane, Sgt. Bell, R. Gregory, K. Brown, and D. Malone)).  Nor does he allege any facts allowing the Undersigned to infer that all six of the Highland County Defendants are responsible.  The same is true of Plaintiff's deliberate indifference and failure to intervene claims.  (*See, e.g.*, *id.* at 6–7 ("Defendants R. Sanders, B. Lane, Sgt. Bell, R. Gregory, R. Brown, and D. Malone allowed Plaintiff to be harassed and assaulted by other inmates[.]") ("Defendants R. Sanders, R. Gregory, K. Brown, B. Lane, Sgt. Bell, and D. Malone denie[d] medical care/mental health care . . . .")).

Even on a generous read, Plaintiff's Second Amended Complaint does little more than list claims and Defendants.  It does not, as he asserts, "set forth detailed factual allegations identifying the specific actions of each Defendant."  (Doc. 60 at 2).  And even where Plaintiff offers some factual specificity (*see, e.g.*, Doc. 48 at 7 (alleging Defendants used excessive force by pushing

Plaintiff into a fire extinguisher box)), he does not tie those facts to the actions of any particular Defendant.  Simply put, he must do more to allege sufficient personal involvement.  *See Six v. Beegle*, No. 2:11-CV-00698, 2012 WL 1580958, at \*3 (S.D. Ohio May 4, 2012) ("Plaintiff fails to state a claim where [he] has failed to how that the particular defendant was 'directly involved or caused the events at issue.'" (citation omitted)); *cf. Boxill v. O'Grady*, 935 F.3d 510 (6th Cir. 2019) ("Summary reference to a single, five-headed 'Defendants' does not support a reasonable inference that *each* Defendant is liable for retaliation." (emphasis in original)); *Lee v. Cambell*, No. 1:25-CV-384, 2025 WL 2078535, at \*5 (W.D. Mich. July 24, 2025) (finding claims against "all the named Defendants from ICF and MBP" insufficiently pled that each of the individual defendants was personally involved in the alleged violations of the plaintiff's civil rights); *see also Minion v. Lindsey*, No. 4:19-CV-P95-JHM, 2019 WL 4675391, at \*3 (W.D. Ky. Sept. 25, 2019) ("The specific facts must also explain how each Defendant is personally responsible for the alleged injuries."); *Daniels v. Cnty. of Mahoning*, No. 4:23 CV 2076, 2024 WL 342697, at \*3 (N.D. Ohio Jan. 30, 2024) ("Absent allegations connecting the Defendants to the specific actions, Plaintiff cannot hold them liable in their individual capacities.").  As pled, his allegations do not rise above the bar of conclusory.  *See Peace*, 2025 WL 3763825, at \*5.

Relatedly, Plaintiff asserts a "supervisory liability" claim seemingly against Defendant Sanders.  (*See* Doc. 48 at 9–10 ("Supervisory Defendants knew of and permitted unconstitutional customs, failed to properly supervise or train officers, or encouraged unconstitutional conduct.")).  The Court already dismissed a virtually identical claim as to Defendant Sanders.  (*See* Doc. 12 at 7; *see also* Doc. 50).  As the Court explained there, Section 1983 does not permit absolute respondeat superior liability.  (*Id.*).  Rather, a supervisor may be held liable only where he "encouraged the specific incident of misconduct or in some other way directly participated in it."

8

*Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).  Because Plaintiff's Second Amended Complaint alleges neither in more than a vague and conclusory way (*see generally* Doc. 48), this claim should be dismissed to the extent it is not already.

For these reasons, the Undersigned **RECOMMENDS** that Plaintiff's Section 1983 claims against the Highland County Defendants in their individual capacities be **DISMISSED**. Consequently, the Undersigned need not consider the Highland County Defendants' argument that they are entitled to qualified immunity.

### C.  Ohio Revised Code § 2921.45

Finally, to the extent that it applies to the Highland County Defendants, Plaintiff's claim under Ohio Revised Code § 2921.45 must also be dismissed.  Plaintiff's claim under this statute is grounded on the allegation that Defendants' actions "as public servants, knowingly violated Plaintiff's constitutional and statutory rights by engaging in . . . deliberate indifference to Plaintiff's medical needs and conditions of confinement." (Doc. 48 at 11).  Plaintiff further states that because the actions "were taken with malicious purpose, in bad faith, and in a wanton or reckless manner," any immunity offered to Defendants under Ohio Revised Code § 9.86 does not apply for this claim.  (*Id.*).

One fatal problem.  Ohio Revised Code § 2921.45 is a criminal statute. *See id.* ("No public servant, under color of the public servant's office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right.").  Plaintiffs generally have no private right of action to sue under criminal statutes. *Kelly v. City of New Phila.*, No. 5:11CV474, 2011 WL 3705151, at *2–3 (N.D. Ohio Aug. 22, 2011) (quoting *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)).  So too here.  *See, e.g.*, *Roane v.*

*Warden, Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 4919972, at \*3 (S.D. Ohio Oct. 4, 2022) (noting the statute does not provide a private cause of action), *report and recommendation adopted sub nom. Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 16535903 (S.D. Ohio Oct. 28, 2022). Given this conclusion, the Undersigned need not reach Defendants' statutory immunity arguments.

Accordingly, the Undersigned **RECOMMENDS** this claim likewise be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Highland County Defendants' Motion to Dismiss (Doc. 55) be **GRANTED** and the claims against them be **DISMISSED**.

IT IS SO ORDERED.

Date: March 31, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo* and operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).