**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| JAMES V. BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF OHIO, HIGHLAND COUNTY PROSECUTOR, ANEEKA COLLINS, et al.,<br><br>Defendants. | : | Case No. 1:25-cv-176<br><br>Judge Michael R. Barrett<br>Magistrate Judge Kimberly A. Jolson |

**ORDER AND REPORT & RECOMMENDATION**

Before the Court is Defendants Jeremiah Oyer, Jay Beatty, Benjamin Bales, Justin Brewer, Chris Bowen, Quinton Smith, Corey Ross, Kyle Flora, and Mark Hamilton's (the "Greenfield Police Defendants") Motion for Judgment on the Pleadings (Doc. 67). The Undersigned **RECOMMENDS** that the Motion be **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

Plaintiff James Brown, who proceeds *pro se*, filed this case over a year ago. (Doc. 1). His original complaint raised more than twenty claims against a multitude of Defendants concerning their alleged engagement in a conspiracy to violate his constitutional rights through invalid criminal charges, coerced guilty pleas, an illegal prison sentence, and a more recent illegal arrest. (*See* Doc. 12 at 3–5 (describing Plaintiff's allegations in detail); *see also* Docs. 1, 5, 6, 7). The Court dismissed most of Plaintiff's claims but let several proceed. (Docs. 12, 50). Because Plaintiff did not know the identities of the unnamed officers who allegedly engaged in these actions, the Court allowed Plaintiff to file a supplement naming them after he engaged in limited discovery as to their identities. (*See* Docs. 12, 15, 28, 34, 39, 42, 46 (ordering Plaintiff to refile

his amended complaint because it did not name individually name any of the officers he identified)). He subsequently filed the supplement, labeled the "Second Amended Complaint." (Doc. 48).

Plaintiff's Second Amended Complaint raises claims against two sets of Defendants: (1) the Greenfield Police Defendants; and (2) the Highland County Defendants. (*See generally* Doc. 48). The Court already dismissed all claims against the Highland County Defendants. (Doc. 64). As to the remaining Defendants, he alleges that Defendant Oyer applied for a search warrant in 2025 to enter Plaintiff's home. (*Id.* at 4). But, says Plaintiff, Oyer "falsely stated they could see Plaintiff inside a residence" to "create probable cause for the search and arrest." (*Id.*). Then, the Greenfield Police Defendants forcibly entered Plaintiff's home, handcuffed him, and "dragged" him out of the house. (*Id.* at 5). The same Defendants also "pointed firearms at Plaintiff and Plaintiff's 75 year old mother" while the two were "unarmed" and "compliant." (*Id.*). Next, the Greenfield Police Defendants "threw" Plaintiff into the back of a police car "with such force . . . that it caused Plaintiff to have a seizure." (*Id.* (also alleging these Defendants arrested Plaintiff's mother)).

Plaintiff's remaining claims under 42 U.S.C. § 1983 for violations of his Fourth Amendment rights are "unlawful entry and search," "false warrant and judicial deception," "false arrest and imprisonment," and "excessive force." (*Id.* at 7–9). Plaintiff also raises claims under Ohio Revised Code § 2921.45 and for "supervisory liability." (*Id.* at 9–10). As relief, Plaintiff seeks $9,999,999.00. (*Id.* at 11; *see also generally* Docs. 6, 7).

On June 25, 2026, the Greenfield Police Defendants filed a Motion for Judgment on the Pleadings (Doc. 67). The Motion is fully briefed and ready for consideration. (Docs. 69, 72).

## II. STANDARD

The Federal Rules of Civil Procedure provide that, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment may be granted under Rule 12(c) where the moving parties clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-cv-292, 2010 WL 3769136, at *2 (S.D. Ohio Sept. 24, 2010) (citations omitted). In examining a Rule 12(c) motion, the Court uses the same standard of review applied to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Mixon v. State of Ohio*, 193 F.3d 389, 399–400 (6th Cir. 1999). As such, the Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). To survive a motion for judgment on the pleadings, the "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop*, 520 F.3d at 519 (internal quotation marks omitted). Consequently, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. DISCUSSION

The Greenfield Police Defendants offer several reasons their Motion for Judgment on the Pleadings should be granted. Ultimately, the Undersigned needs to consider only a few.

### A. Official Capacity Claims

To begin, Plaintiff's Second Amended Complaint states that each Defendant is sued in his individual and official capacities. (Doc. 48 at 2–4). Yet, as the Greenfield Police Defendants note,

the Court already dismissed claims grounded in the officers' official capacities with prejudice. (Docs. 12, 50).

There, the Court found Plaintiff's claims against Defendants in their official capacities were subject to dismissal to the extent that he seeks monetary damages. Absent an express waiver, a state is immune from damages suits under the Eleventh Amendment. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has neither constitutionally nor statutorily waived its immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes No. 1 and No. 2*, 694 F.2d 449, 460 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663 (citations omitted); *Ford Motor Co. v. Dep't of Treasury of State of Indiana*, 323 U.S. 459, 464 (1945). A suit against Defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which Defendants are agents. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities come under the immunity umbrella. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation modified)).

In the same way, Plaintiff's Second Amended Complaint seeks only monetary damages against the Greenfield Police Defendants. (Doc. 48 at 11). The Greenfield Police Defendants are officially immune in this respect. To the extent that the Court did not previously dismiss these claims, the Undersigned **RECOMMENDS** that Greenfield Police Defendants' Motion for

Judgment on the Pleadings on the claims in their official capacities **be GRANTED** and those claims **be DISMISSED**.

**B. Claims Against Jeremiah Oyer**

Next, Plaintiff argues that Defendant Jeremiah Oyer knowingly or recklessly made false statements which served as the basis to create probable cause for the warrant issuance. (Doc. 48 at 8). Defendants counter that res judicata bans this claim. (Doc. 67 at 7). Yet, the Court need not resolve this on Defendant's res judicata argument. Plaintiff proceeds in this action *in forma pauperis*, which places the Court under a continuing duty to dismiss claims that fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e). Consistent with that duty, the Undersigned considers whether Plaintiff's claims against Oyer fail to state a claim *sua sponte*. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

Ohio provides a mechanism for litigating Fourth Amendment claims about how search warrants are obtained through Ohio's pretrial motion to suppress procedure. Ohio R. Crim. P. 12. Specifically, the Sixth Circuit has held that this motion to suppress procedure provides a full and fair opportunity to litigate Fourth Amendment issues such as the propriety of a search warrant. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (furthering that if a criminal defendant's motion to suppress is denied, they may take direct appeal of that order as of right). Here, instead of using the procedure and litigating the warrant in the State court, Plaintiff pleaded guilty. (Doc. 6 at 53–56). "Generally, a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012) (internal quotations omitted). That is because:

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court

> that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Therefore, "after the entry of an unconditional guilty plea, a defendant may challenge only the court's jurisdiction and the voluntary and intelligent character of the plea itself." *Werth v. Bell*, 692 F.3d 486, 495 (6th Cir. 2012). Challenges to a warrant are not jurisdictional. *See Barbarotta v. United States*, 2022 WL4132887, at *1 (N.D. Ohio Sept. 12, 2022) (holding that Plaintiff waived any challenge to a search warrant when he pleaded guilty); *Gomez v. Scutt,* 2009 WL 2222900, at *4 (E.D. Mich. July 22, 2009) (holding that challenges to the search warrant and supporting affidavit waived by a guilty plea); *Rolak v. Davis,* 2007 WL 2701531, at *2 (E.D. Mich. September 12, 2007) (claim that warrant was not supported by probable cause waived by guilty plea). Therefore, this claim was waived by Plaintiff's guilty plea.

Accordingly, the Undersigned **RECOMMENDS** Defendants' Motion for Judgment on the Pleadings in regard to Plaintiff's Fourth Amendment false warrant and judicial deception claim against Defendant Oyer in his individual capacity is **GRANTED** and that these claims against him be **DISMISSED**.

### C. Individual Capacity Claims

Next, Plaintiff's claims against the Greenfield Police Defendants in their individual capacities include (1) unreasonable search and seizure; (2) false arrest and imprisonment; (3) excessive force; and (4) supervisory liability. (Doc. 48 at 7–10). Greenfield Police Defendants contend that Plaintiff failed sufficiently to allege the requisite personal involvement on behalf of each Defendant for his remaining Section 1983 claims. (Doc. 67 at 7–9).

Upon review, the Undersigned again does not need to reach Defendants' specific arguments against Plaintiff's unreasonable search and seizure, false arrest, or false imprisonment claims.

1. *Unlawful Entry Claim*

Plaintiff first alleges that Defendants unlawfully entered his home without valid probable cause, violating the Fourth Amendment. (Doc. 48 at 8). The Fourth Amendment requires that searches of the home be reasonable. *See Illinois v. Rodriguez,* 497 U.S. 177, 185–86 (1990). This reasonableness requirement generally requires that police obtain a warrant based upon a judicial determination of probable cause prior to entering a home. *See Payton v. New York,* 445 U.S. 573, 585–86 (1980).

Here, Plaintiff's complaint does not dispute that the officers had a warrant before entering the home, but instead challenges the validity of the warrant. In other words, this is a restatement of his false warrant claim against Defendant Oyer directed at the other Greenfield Police Defendants. Therefore, the same principles which preclude Plaintiff's false warrant claim also preclude Plaintiff's unlawful entry claim. As before, a voluntary plea waives all non-jurisdictional claims that occurred prior to the entry of the guilty plea, including challenges to search warrants. *See Werth*, 692 F.3d at 495; *Barbarotta*, 2022 WL4132887, at *1; *Gomez*, 2009 WL 2222900, at *4; *Rolak*, 2007 WL 2701531, at *2. Plaintiff cannot challenge the warrant probable cause because he pleaded guilty.

The Undersigned, therefore, **RECOMMENDS** that Defendants' Motion for Judgment on the Pleadings be granted as to Plaintiff's unlawful entry claims and those claims be dismissed "for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than" under Rule 12(b)(6), "because the former course of action is not an adjudication on the merits and would allow

the prisoner to reassert his claims if his conviction or sentence is latter invalidated." *Brown v. City of Columbus*, No. 2:18-CV-521, 2018 WL 3105766, at *3 (S.D. Ohio June 25, 2018), *report and recommendation adopted*, No. 2:18-CV-521, 2018 WL 4654693 (S.D. Ohio Sept. 27, 2018) (collecting cases).

*2. False Arrest and Imprisonment*

Plaintiff next alleges that because Defendants arrested him without probable cause to enter his home, his detention was unlawful. (Doc. 48 at 7–8). Defendants argue that Plaintiff did not allege who specifically entered his home and why Defendants did not have probable cause. (Doc. 67 at 10). They further say that probable cause is conclusively established because Plaintiff was convicted of the claims brought against him. (*Id.*) The Undersigned concludes that much like his unlawful entry claim, this claim is also barred under *Heck* and all the more because he pleaded guilty.

To state a false arrest claim under § 1983, "a plaintiff [must] prove that the arresting officer lacked probable cause to arrest the plaintiff." *Osborn v. City of Columbus*, No. 2:20-CV-1229, 2022 WL 2159899, at *8 (S.D. Ohio June 15, 2022), *aff'd sub nom. Osborn v. City of Columbus, Ohio*, No. 22-3570, 2023 WL 2523307 (6th Cir. Mar. 15, 2023). In addition, the Sixth Circuit has also recognized that a guilty plea has a res judicata effect for plaintiffs seeking damages under these circumstances. *Reid v. West Martin v. Girard,* 215 F.3d 1327, 2000 WL 658321 (6th Cir. 2000) (unpublished opinion). Here, Plaintiff cannot challenge the probable cause that he committed a crime because he conceded that fact when he pleaded guilty. *See, e.g.*, *Taylor v. City of Cincinnati Police Dep't*, No. 1:07-cv-369, 2010 WL 11519620, at *5 ("This guilty plea is 'an implicit admission that the officers had probable cause.'" (quoting *Haupricht v. Sylvania Tp. Police Dep't*, No. 3:06cv2908, 2008 WL 4148597, at *1 (N.D. Ohio Sept. 4, 2008))); *Allen v.*

*Forren*, No. 2:25-cv-1012, 2025 WL 2814703, at *4 (S.D. Ohio Oct. 3, 2025) (stating that *Heck* bars a claim where Plaintiff's guilty plea constitutes a criminal conviction unless and until convictions are reversed or otherwise invalidated); *see also Osborn* 2022 WL 2159899, at *8–9 (S.D. Ohio June 15, 2022), *aff'd sub nom. Osborn v. City of Columbus* , No. 22-3570, 2023 WL 2523307 (6th Cir. Mar. 15, 2023) (noting that "[f]or purposes of *Heck*, a no contest plea is a plea of guilty that constitutes a criminal conviction" and finding the plaintiff's malicious prosecution claim to be barred); *Maxwell v. Fields*, No. 1:23-CV-319, 2023 WL 8284236, at *2 (W.D. Mich. Nov. 3, 2023), *report and recommendation adopted*, No. 1:23-CV-319, 2023 WL 8280289 (W.D. Mich. Nov. 30, 2023) (citing *Ramirez v. Dennis*, No. 1:01-CV-160, 2002 WL 34213427, at *4–5 (W.D. Mich. June 6, 2002) (holding that the plaintiff's no-contest plea was a conviction subject to *Heck*)). It is, therefore, **RECOMMENDED** that this portion of Plaintiff's Second Amended Complaint be **DISMISSED.**

*3. Excessive Force: Dragging Plaintiff through Snow and Throwing Plaintiff in Vehicle*

Plaintiff's Second Amended Complaint also alleges that during the arrest, Defendants used unreasonable and excessive force by dragging Plaintiff through snow and throwing Plaintiff in a vehicle causing him to have a seizure. (Doc. 48 at 8).

As an initial matter, *Heck* does not apply to Plaintiff's post-arrest excessive force claims. The Sixth Circuit has held that *Heck* does not bar Section 1983 claims alleging post-arrest excessive force claims, especially when the excessive force is neither a part of the underlying offense, nor an affirmative defense. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 614 (6th Cir. 2014) (citing *Sigley v. Kuhn*, 205 F.3d 1341, 2000 WL 145187, at *1 (6th Cir. 2000)). Here, Plaintiff's underlying offense was Failure to Appear. (Doc. 6 at 43). Excessive force is not an element of that crime, nor an affirmative defense. Ohio Rev. Code Ann. §§ 2937.29, 2937.99.

Therefore, excessive force claims would not impact the validity of Plaintiff's underlying conviction, and the claim is not barred under *Heck.*

Nonetheless, Plaintiff does not allege with the requisite particularity facts that demonstrate what each Greenfield Police Defendant did to violate his civil rights as to his excessive force claim. Rather Plaintiff lumps them all together, asserting that every Greenfield Police Defendant was responsible for every allegation. For example, Plaintiff does not allege who specifically threw him "with such force" into the back of the cruiser causing him to have a seizure or who specifically dragged him through the snow. (Doc. 48 at 5 ("Defendants, J. Oyer, J. Beatty, B. Bates, J. Brewer, L. Bowen, Q. Smith, C. Ross, K. Flora, and M. Hamilton, threw Plaintiff with such force into the back of a cruiser that it caused Plaintiff to have a seizure.") (Defendants, J. Oyer, J. Beatty, B. Bates, J. Brewer, C. Bowen, Q. Smith, C. Ross, K. Flora, and M. Hamilton forcibly entered Plaintiff's home, then Plaintiff was handcuffed and dragged out of the house in the snow, causing Plaintiff to urinate on himself."). Nor does he allege any facts allowing the Undersigned to infer that all nine of the Greenfield Police Defendants are responsible for each allegation. Thus, the Court should dismiss these claims.

Still, in line with Plaintiff's request to amend his complaint as an alternative to dismissal (Doc. 69 at 5–6), the Undersigned will allow the Plaintiff **14 days** to supplement his Second Amended Complaint specifying the names of which officer(s) dragged him through the snow and threw him into the back of the cruiser. The supplement must identify which officer(s) committed these actions and should not seek to add claims or parties. Because the Court has not granted him leave to do more than identify the officer(s), if Plaintiff tries to do more, the Court will not consider those portions of his supplement. The Undersigned further **WARNS** Plaintiff that this is the final time he will be allowed to supplement or amend his pleadings. If Plaintiff does not sufficiently

identify which individuals committed which actions, then Plaintiff is further **WARNED** that this claim will be dismissed for failure to sufficiently state a claim.

As for the identification, Plaintiff submits that he does not have the discovery to identify who did what in order to sufficiently plead. (Doc. 69 at 4–5 (stating that he has consistently sought discovery to identify the precise role of each named defendant)). Apparently in conjunction with that assertion, Plaintiff filed a motion to compel seeking records to sufficiently identify the role of each officer in the action. (Doc. 68 at 1). Defendants respond that as an initial matter, Plaintiff did not follow the Court's standing order to first attempt to resolve disputes by extrajudicial means before filing a motion to compel. (Doc. 73 at 2). They also submit Plaintiff's motion is moot because they provided Plaintiff with the documents requested. (Doc. 73 at 2). Plaintiff contests this and points to several categories of discovery he still does not have. (Doc. 74). But Plaintiff has had a lot of time to complete discovery. Accordingly, because it seems Defendants have at least partially provided Plaintiff the discovery he wants and because Plaintiff did not follow the Court's standing order before filing the motion to compel, Plaintiff's Motion (Doc. 68) is **DENIED without prejudice**.

The parties are **DIRECTED** to continue to work together on discovery. To the extent Plaintiff needs further discovery to comply with the Court's order to supplement his complaint, he should confer with Defendants before coming to the Court. And he must do this quickly, as he has only 14 days to file the supplement. If there are unresolvable discovery issues after conferring, parties can then file a joint status report with the Court outlining the discovery dispute.

*4. Excessive Force: Pointing Guns at Plaintiff*

In contrast to the physical excessive force claims, it is plausible that all nine Defendants pointed firearms at Plaintiff and his mother as he alleges. (Doc. 48 at 5). Claims that an officer

used excessive force during an arrest or seizure are analyzed under the Fourth Amendment's "reasonableness standard." *Hart v. Michigan*, 138 F.4th 409, 417 (6th Cir. 2025); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989). "When making an arrest or investigatory stop, the police have 'the right to use some degree of physical coercion or threat thereof to effect it.'" *Wright v. City of Euclid*, 962 F.3d 852, 865 (6th Cir. 2020) (quoting *Graham*, 490 U.S. at 396). So, a claim of excessive force arising under the Fourth Amendment requires a plaintiff to demonstrate both that a seizure occurred and that the force used to effectuate that seizure was objectively unreasonable. *See Rodriguez v. Passinault*, 637 F.3d 675, 680 (6th Cir. 2011) (quoting *Graham*, 490 U.S. at 394–95).

A court must decide whether an officer's actions are "'objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation.'" *Martin v. City of Broadview Heights*, 712 F.3d 951, 958 (6th Cir. 2013) (quoting *Graham*, 490 U.S. at 388). Importantly, "[t]he test is reasonableness at the moment force is used," *id.*, and three factors guide the Court's analysis: "'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, or whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1004 (6th Cir. 2024) (quoting *Graham*, 490 U.S. at 396–97). But at base, the Court must consider the "totality of the circumstances." *Id.*; *see also Moore v. City of Memphis*, 853 F.3d 866, 870 (6th Cir. 2017) ("An officer's use of force is excessive if, under the totality of the circumstances, the force was objectively unreasonable.").

When dealing with guns drawn, like Plaintiff alleges here, some courts hold that excessive force claims generally require at least de minimis physical injury. *See, e.g.*, *Youngblood v. City of Paducah*, No. 5:15-cv-60-TBR, 2016 WL 2643030, at *4 (W.D. Ky. May 6, 2016) (quoting

*Rodriguez*, 637 F.3d at 687) (finding the plaintiff's excessive force claim where she alleged "the police entered like a herd of wild Bison and pointed military style weapons at her" failed to state a claim "because she has not alleged even a de minimis physical injury") (collecting cases). Nonetheless, it is a highly fact-specific inquiry. *See, e.g.*, *Wright*, 962 F.3d at 866 (denying summary judgment on excessive force claim where there was "a genuine dispute as to whether the officers were justified in brandishing their firearms upon approach") (citing *Croom v. Balkwill*, 645 F.3d 1240, 1252 n.17 (11th Cir. 2011) ("An officer's decision to point a gun at an unarmed civilian who objectively poses no threat to the officer or the public can certainly sustain a claim of excessive force." (collecting cases)); *Binay v. Bettendorf*, 601 F.3d 640, 649–50 (6th Cir. 2010) (finding "the fact that it is sometimes reasonable to use handcuffs and guns when detaining suspects does not support Defendants' argument that the amount of force used in this case was objectively reasonable" because "[w]hether an exercise of force is excessive will vary depending on the facts and circumstances of the specific case"); *Petta v. Rivera*, 143 F.3d 895, 905 (5th Cir. 1998) ("A police officer who terrorizes a civilian by brandishing a cocked gun in front of that civilian's face may not cause physical injury, but he has certainly laid the building blocks for a section 1983 claim against him.").

Here, Plaintiff claims that Greenfield Police Defendants "pointed firearms at Plaintiff and Plaintiff's 75 [year] old mother while both were unarmed and compliant." (Doc. 48 at 5). Construing this sentence liberally as the Undersigned must do, Plaintiff does substantiate his claim with the fact that he and mother were unarmed and compliant. (*Id.*). Defendants in neither the pleadings, nor motion for judgment on the pleadings offer any justification as to why officers had their guns raised. (Doc. 56). Thus, Plaintiff has sufficiently stated a claim as to whether or not brandishing guns at Plaintiff was an "excessive" use of force. As a result, the Undersigned

**RECOMMENDS** that Defendants' Motion for Judgment on the Pleadings on this claim should be **DENIED.**

*5. Respondeat Superior*

Next, Plaintiff asserts a "supervisory liability" claim seemingly against Defendant Oyer. (*See* Doc. 48 at 7 ("Defendant J. Oyer failed to train his officers regarding lawful entry and use of force.")). The Court already dismissed a virtually identical claim as to Defendant Oyer. (*See* Doc. 12 at 7; *see also* Doc. 50). As the Court explained there, Section 1983 does not permit absolute respondeat superior liability. (*Id.*). Rather, a supervisor may be held liable only where he "encouraged the specific incident of misconduct or in some other way directly participated in it." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Because Plaintiff's Second Amended Complaint alleges neither in a more than a vague and conclusory way (*see generally* Doc. 48), this claim should be dismissed to the extent it is not already.

For these reasons, the Undersigned **RECOMMENDS** that Plaintiff's respondeat superior claim be **DISMISSED**.

*6. Ohio Revised Code § 2921.45*

Finally, to the extent that it applies to the Greenfield Police Defendants, Plaintiff's claim under Ohio Revised Code § 2921.45 must also be dismissed. Plaintiff's claim under this statute is grounded on the allegation that Defendants' actions "as public servants, knowingly violated Plaintiff's constitutional and statutory rights by engaging in . . . deliberate indifference to Plaintiff's medical needs and conditions of confinement." (Doc. 48 at 11). Plaintiff further states that because the actions "were taken with malicious purpose, in bad faith, and in a wanton or

reckless manner," any immunity offered to Defendants under Ohio Revised Code § 9.86 does not apply for this claim. (*Id.*).

One fatal problem. Ohio Revised Code § 2921.45 is a criminal statute. *See id.* ("No public servant, under color of the public servant's office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right."). Plaintiffs generally have no private right of action to sue under criminal statutes. *Kelly v. City of New Phila.*, No. 5:11CV474, 2011 WL 3705151, at *2–3 (N.D. Ohio Aug. 22, 2011) (quoting *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)). So too here. *See, e.g.*, *Roane v. Warden, Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 4919972, at *3 (S.D. Ohio Oct. 4, 2022) (noting the statute does not provide a private cause of action), *report and recommendation adopted sub nom. Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 16535903 (S.D. Ohio Oct. 28, 2022). Given this conclusion, the Undersigned need not reach Defendants' statutory immunity arguments.

Accordingly, the Undersigned **RECOMMENDS** this claim be **DISMISSED**.

### D. Plaintiff's Notice of Newly Obtained Records Response and Motion for Leave to Supplement the Record, Motion for Limited Relief from Discovery Stay, and Motion for Leave to Submit Confidential Witness Declaration

The Court also considers several other recent filings in this case. Plaintiff filed a Notice of Newly Obtained Records requesting that the Court grant him leave to supplement the record with new evidence. (Doc. 84). Similarly, Plaintiff filed a Motion for Leave to Submit Confidential Witness Declaration under Seal. (Doc. 86). Defendant responds that a litigant cannot avoid an expired discovery deadline by independently searching for public records and that these exhibits were available during the discovery. (Doc. 87).

Generally, parties are not entitled to simply file items on the docket that they perceive as being helpful to their case just to add them to the record. *See, e.g.*, S.D. Ohio L.R. 5.4(a)

(permitting parties only to file "necessary" discovery documents "in connection with any proceeding or motion"); *Webb v. City Fo Detroit*, 24-12895, 2025 WL 400047, at *1 (E.D. Michigan Feb. 5, 2025) ("Filing exhibits [or declarations] at random, perhaps to store evidence on the Court's electronic docket, is impermissible."). If Plaintiff wishes to add those exhibits to the record, he can do so with his summary judgment motion.

Plaintiff has also filed a motion for "limited relief from discovery stay and production of complete warrant application record." (Doc. 85). Plaintiff requests limited relief from the discovery stay for production of the complete January 22, 2025 warrant application record, and then requests the Court direct Defendants to produce certain discovery. (*Id.* at 2–3). The discovery deadline was July 20, 2026. (Doc. 57 at 1). Defendant opposes stating that Plaintiff's request for additional discovery is untimely, and he has failed to establish good cause to modify the deadline. (Doc. 87 at 2–3). That said, since this Report and Recommendation significantly narrows the issues and provides Plaintiff with one last chance to supplement his complaint, the Court believes that parties would benefit from a little more time to conduct narrow, targeted discovery. The parties are **DIRECTED** to confer and conduct discovery commensurate with the remaining claims. The discovery deadline is now, November 30, 2026. Dispositive motions are now due by January 11, 2026.

## IV. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Greenfield Police Defendants' Motion for Judgment on the Pleadings (Doc. 67) be **GRANTED in part and DENIED in part**.

Defendant's Motion for Judgment on the Pleadings for the claims against Defendants Jay Beatty, Benjamin Bales, Justin Brewer, Chris Bowen, Quinton Smith, Corey Ross, Kyle Flora, and

Mark Hamilton in their official capacity is **GRANTED** and those claims are **DISMISSED**. Defendants' Motion for Judgment on the Pleadings in regard to Plaintiff's Fourth Amendment false warrant and judicial deception claim against Defendant Oyer in his individual capacity is **GRANTED**. Defendant's Motion for Judgment on the Pleadings on Plaintiff's unlawful entry claim, false arrest and false imprisonment, supervisory liability, and state law claims is also **GRANTED**.

Defendants' Motion for Judgment on the Pleadings on the excessive force claims are **DENIED**. Plaintiff is **ORDERED** to supplement his complaint with the specific names of which officers threw him into the police vehicle and dragged him through the snow within **14 days** of this Order. If he is unable to do so, the Court will dismiss that claim for failure to sufficiently plead.

Finally, Plaintiff's Motion to Compel (Doc. 68), Notice of Newly Obtained Records Response and Motion for Leave to Supplement the Record (Doc. 84), Motion for Relief from Discovery Stay and for Production (Doc. 85), and Motion to Leave to Submit Confidential Witness Declarations (Doc. 86) are **DENIED**. Plaintiff may continue to conduct discovery to the extent of his remaining claims. The discovery deadline is now, November 30, 2026. Dispositive motions are now due by January 11, 2026.

IT IS SO ORDERED.

Date: October 26, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).