**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JAMES VERNON BROWN, JR.,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF OHIO, et al.,<br><br>Defendants. | Case No. 1:25-CV-176<br><br>Judge Michael R. Barrett<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, (Doc. 89), and Plaintiff James V. Brown's objections thereto, (Doc. 94). Proper notice has been afforded to the parties under 28 U.S.C. § 636(b)(1)(C), including notice to Plaintiff James V. Brown that he could forfeit rights on appeal if he failed to file proper objections to the R&R in a timely manner. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (holding that a failure to file objections generally waives the right to appeal the district court's adoption of an R&R).

As summarized by the Magistrate Judge, Plaintiff initially "raised more than twenty claims against a multitude of Defendants concerning their alleged engagement in a conspiracy to violate his constitutional rights through invalid criminal charges, coerced guilty pleas, an illegal prison sentence, and a more recent illegal arrest." (Doc. 89, PageID 660). Although the Court dismissed most of Plaintiff's claims, several were allowed to proceed. "Because Plaintiff did not know the identities

of the unnamed officers who allegedly engaged in these actions, the Court allowed Plaintiff to file a supplement naming them after he engaged in limited discovery as to their identities." (*Id.*).

> Plaintiff's Second Amended Complaint raises claims against two sets of Defendants: (1) the Greenfield Police Defendants; and (2) the Highland County Defendants. (*See generally* Doc. 48). The Court already dismissed all claims against the Highland County Defendants. (Doc. 64). As to the remaining Defendants, he alleges that Defendant Oyer applied for a search warrant in 2025 to enter Plaintiff's home. (*Id.* at 4). But, says Plaintiff, Oyer "falsely stated they could see Plaintiff inside a residence" to "create probable cause for the search and arrest." (*Id.*). Then, the Greenfield Police Defendants forcibly entered Plaintiff's home, handcuffed him, and "dragged" him out of the house. (*Id.* at 5). The same Defendants also "pointed firearms at Plaintiff and Plaintiff's 75 year old mother" while the two were "unarmed" and "compliant." (*Id.*). Next, the Greenfield Police Defendants "threw" Plaintiff into the back of a police car "with such force . . . that it caused Plaintiff to have a seizure." (*Id.* (also alleging these Defendants arrested Plaintiff's mother)).
>
> Plaintiff's remaining claims under 42 U.S.C. § 1983 for violations of his Fourth Amendment rights are "unlawful entry and search," "false warrant and judicial deception," "false arrest and imprisonment," and "excessive force." (*Id.* at 7–9). Plaintiff also raises claims under Ohio Revised Code § 2921.45 and for "supervisory liability." (*Id.* at 9–10). As relief, Plaintiff seeks $9,999,999.00. (*Id.* at 11; *see also generally* Docs. 6, 7).

(*Id.*, PageID 661).

The Greenfield Police Defendants moved for judgment on the pleadings, arguing that the claims against them should be dismissed "for all the same reasons as set forth in the Report and Recommendation regarding the Highland County [D]efendants." (Doc. 67, PageID 561). Specifically, "[t]he only City of Greenfield

defendant that Plaintiff specifically names with respect to an alleged wrongful act is Jeremiah Oyer," who "has already been dismissed from this matter with prejudice," and "Plaintiff's broad allegations fail to connect any specific Defendant to the conduct alleged in the Amended Complaint." (*Id.*, PageID 561, 564).

Upon review, the Magistrate Judge recommended that Defendants' Motion for Judgment on the Pleadings be granted in part, and that (1) Plaintiff's official-capacity claims against Defendants Beatty, Bales, Brewer, Bowen, Smith, Ross, Flora, and Hamilton be dismissed; (2) Plaintiff's individual-capacity claim against Defendant Oyler be dismissed; (3) and Plaintiff's state law claims and claims for unlawful entry, false arrest and false imprisonment, and supervisory liability be dismissed. (Doc. 89, PageID 675-76). However, the Magistrate Judge recommended that Defendants' Motion for Judgment be denied in part as to Plaintiff's excessive force claims, and ordered Plaintiff to properly supplement his complaint. (*Id.*, PageID 676).

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

But "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."). And the Court "need not provide de novo review where the objections are 'frivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir. 1986) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

In short, Plaintiff does not clear the threshold for triggering de novo review of the R&R. Although he specifies the conclusions with which he takes issue, Plaintiff does not meaningfully engage with the Magistrate Judge's reasoning or legal conclusions. Rather, Plaintiff effectively reiterates arguments he previously made and requests reconsideration of issues that the Magistrate Judge has already addressed; he identifies no legal or factual errors.

Accordingly, the R&R, (Doc. 89), is **ADOPTED** in full. The Motion for Judgment on the Pleadings, (Doc. 67), is **GRANTED in part and DENIED in part**, as specified above and in the R&R. The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith, and therefore **DENIES** leave to appeal in forma pauperis. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge